**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LYSTAD, et al., | CASE NO. 11-cv-00655-SKO |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUNTRUST MORTGAGE, INC., | |
| Defendant. | (Docket No. 8) |
| _____/ | |

## I. INTRODUCTION

On June 2, 21011, Defendant Suntrust Mortgage, Inc. ("Defendant") filed a motion to dismiss and strike portions of Plaintiffs John Lystad ("Mr. Lystad") and Karen Lystad's ("Ms. Lystad" or, collectively, "Plaintiffs") complaint, and sought a more definite statement concerning Plaintiffs' claims. Specifically, Defendant seeks to dismiss Plaintiffs' third cause of action for violation of the Truth in Lending Act ("TILA") and ninth cause of action for violation of the Fair Credit Reporting Act ("FCRA") pursuant to Fed. R. Civ. P. Rule 12(b)(6). Defendant seeks a more definite statement of Plaintiffs' remaining claims under Fed. R. Civ. P. Rule 12(e) and moves to strike paragraph no. 9 of the complaint under Fed. R. Civ. P. 12(f). The court reviewed the motion and supporting

1  documents and determined that this matter is suitable for decision without oral argument pursuant
2  to Local Rule 230(g).[1]

3  For the reasons set forth below, Defendant's motion is GRANTED IN PART and DENIED
4  IN PART.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Allegations from Plaintiffs' Complaint

Plaintiffs' complaint alleges that they entered into a mortgage and executed a deed of trust on March 28, 2006 (the "2006 loan"). (Doc. 1, p. 11, (Complaint), ¶ 10.)  Plaintiffs allege that in 2007, they had financial difficulties and sought loan modification from Defendant. (Doc. 1, p. 11, (Complaint), ¶ 12.) Defendant orally agreed to a 5% interest rate with the arrearage to be capitalized. (Doc. 1, p. 11, (Complaint), ¶ 15.) In January 2008, Plaintiffs received papers from Defendant which did not conform to Plaintiffs' understanding of the agreement and did not significantly lower either the loan payment or interest rate. (Doc. 1, p. 11, (Complaint), ¶¶ 16-17.)  Plaintiffs allege that Defendant demanded that they sign the documents; in fear for their house and under duress, they signed the modification (the "2008 loan"). (Doc. 1, p. 11, (Complaint), ¶¶ 18-19.)

Plaintiffs made payments pursuant to the 2008 loan but in August 2008, realized that the principal balance was not being reduced. (Doc. 1, p. 11, (Complaint), ¶ 20-27.)  Plaintiffs objected to this lack of principal reduction, and the parties negotiated another loan modification after Plaintiff stopped making payments in an attempt to force Defendant to live up to the agreement. (Doc. 1, p. 11, (Complaint), ¶¶ 30-41.) In July 2009, Plaintiffs allege that Defendant agreed to modify the loan to the originally agreed upon 5% interest rate; Plaintiffs objected that their prior payments had not been applied to the principal, but were informed by Defendant to either sign the new paperwork or Defendant would foreclose on their home. (Doc. 1, p. 11, (Complaint), ¶¶ 43-44.)  Plaintiffs signed the paperwork for the loan (the "2009 loan") under duress and began making payments on that loan. (Doc. 1, p. 11, (Complaint), ¶ 45.)

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 9, 10.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

2

Mr. Lystad suffered a heart attack in 2009 and Plaintiffs allege that the stress and strain caused by Defendant was a major contributing factor. (Doc. 1, p. 11, (Complaint), ¶¶ 46-47.)

**B.      Procedural History**

On January 7, 2011, Plaintiffs filed for Chapter 13 bankruptcy in bankruptcy case no. 11-10201-B-13, and Defendant filed its creditor claim for $538,220.09 with arrearage of $49,540.41. (Doc. 1. 4:2-9; Doc. 5, 2:20-21.) On March 23, 2011, Plaintiffs filed a complaint against Defendant in the bankruptcy proceeding, objecting to the amount sought by Defendant. Plaintiff pled causes of action for (1) objection to claim and request for determination of claim under 11 U.S.C. § 502; (2) breach of contract; (3) violation of TILA and Implementary Regulation Z; (4) violation of California Predatory Lending Act; (5) fraud, fraudulent concealment and negligent misrepresentation; (6) duress; (7) emotional distress; (8) violation of California Business & Professions Code § 17200; and (9) violation of FCRA.

On April 27, 2011, Defendant filed a motion to withdraw the bankruptcy reference in the instant action so as to transfer the federal and California claims to this court, asserting that those claims are "non-core" bankruptcy claims and that bankruptcy withdrawal would promote efficiency (Doc. 1.) On May 16, 2011, District Judge Lawrence J. O'Neill issued an order granting Defendant's motion to withdraw the bankruptcy reference and exercised the Court's jurisdiction over the second to ninth causes of action of Plaintiffs' claim. (Doc. 5.)

On June 2, 2011, Defendant filed the instant motion to dismiss, specifically seeking dismissal of Plaintiffs' third cause of action for violation of TILA and ninth cause of action for violation of FCRA. Defendant also seeks an order requiring Plaintiffs to provide a more definitive statement of their remaining claims and moves to strike paragraph no. 9 of the complaint, which states in part that Mr. Lystad was in the World Trade Center in New York on September 11, 2001. (Doc. 8.) Defendant and Plaintiffs consented to the jurisdiction of the U.S. Magistrate Judge on June 3 and 9, 2011, respectively. (Docs. 9, 10.)

///

///

///

### III.  DISCUSSION

Defendant moves to dismiss Plaintiffs' third cause of action for violation of TILA and ninth causes of action for violation of FCRA, seeks a more definite statement of Plaintiffs' remaining claims, and moves to strike paragraph no. 9 of the complaint.

**A.  Request to Dismiss Plaintiffs' Third Cause of Action for Violation of TILA and Ninth Cause of Action for Violation of FCRA**

Defendant brings its motion to dismiss the third and ninth causes of action pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Plaintiffs failed to state a valid claim.  A Rule 12(b)(6) motion challenges the sufficiency of the pleadings set forth in the complaint.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Here, Defendant argues that Plaintiff's third claim for violation of TILA is barred by a one year statute of limitation.  15 U.S.C. § 1640(e).  Defendant asserts that Plaintiffs' claim arises under either the 2006 loan, executed on March 26, 2006, or the 2008 or 2009 loan modification agreements entered into on January 28, 2008, and July 20, 2009, respectively; thus Plaintiffs' complaint filed on March 23, 2011, is time-barred.  (Doc. 8, 7:26-8:6; *see also* Doc. 1, p. 18 (Complaint), ¶¶ 10, 16.)

1  As to Plaintiffs' ninth cause of action for violation of FCRA, Defendant contends that FCRA is
2  inapplicable since Defendant is not a credit reporting agency.  15 U.S.C. § 1681(b).
3      In their opposition, Plaintiffs stipulate to the dismissal of these causes of action and thus
4  essentially concede that the claims, as currently pled, lack merit. (Doc. 12, 3:8-16.)  Accordingly,
5  Defendant's motion to dismiss is GRANTED as to Plaintiffs' third cause of action for violation of
6  TILA and ninth cause of action for violation of FCRA.
7      The Court notes that dismissal of these claims appear to eliminate the Court's jurisdiction
8  over this action.  Federal district courts have jurisdiction over cases where (1) there is complete
9  diversity of citizenship, i.e., the case is between citizens of different states, or (2) the complaint
10 involves a claim arising under federal law.  28 U.S.C. §§ 1331, 1332(a).  Here, Plaintiffs' current
11 pleading does not discuss the citizenship of the parties and thus fails to establish diversity.  Further,
12 the granting of this motion dismisses Plaintiffs' federal claims.  As such, the Court GRANTS
13 Plaintiffs LEAVE TO AMEND their complaint so as to address the issue of federal jurisdiction and
14 either establish diversity or attempt to plead a claim arising under federal law.  Accordingly, the
15 third and ninth causes of action are DISMISSED WITHOUT PREJUDICE.

16 **B.    Request for More Definite Statement as to Plaintiffs' Remaining Claims**

17      Defendant seeks a more definite statement as to Plaintiffs' remaining claims pursuant to Fed.
18 R. Civ. P. 12(e), which provides in pertinent part that "[a] party may move for a more definite
19 statement of a pleading to which a responsive pleading is allowed but which is so vague or
20 ambiguous that the party cannot reasonably prepare a response."
21      "'[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides
22 the defendant with a sufficient basis to frame his responsive pleadings.'" *Cellars v. Pac. Coast*
23 *Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal. 1999) (citation omitted).  Generally, the Court will
24 require a more definite statement only "if the complaint is so indefinite that the defendant cannot
25 ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to
26 frame a response." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010)
27 (citation omitted); *see also Cellars*, 189 F.R.D. at 578.  Further, "'[m]otions for more definite
28

statement are viewed with disfavor, and are rarely granted.'" *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010) (citation omitted).

Here, Defendant asserts that the complaint is vague as to the distinction between Defendants. Defendant Suntrust Mortgage, Inc. is the only named defendant; Plaintiffs also name Does 1 through 10. Defendant argues that Plaintiffs' claims are uncertain because the complaint references events that occurred during the origination of the 2006 loan and alleges verbal conditions and requirements communicated to Plaintiffs at that time. (Doc. 8, 10:6-20; *see also* Doc. 1, pp. 15-41 (Complaint), ¶¶ 10-11.) Defendant contends that Plaintiffs base their fraud and violation of disclosure claims upon these events and that the acts and deeds concerning this transaction were ascribed to "Defendants" in the complaint. Defendant argues that since it was not the originator of the 2006 loan, it cannot ascertain who Plaintiffs believe were responsible for these acts.

A motion for a more definite statement addresses unintelligibility in a pleading, not mere lack of detail; therefore, a motion for a more definite statement should not be granted unless the defendant can literally not draft a response. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Here, Defendant can draft a response, specifically that it was not the originator of the 2006 loan. Further, Plaintiffs' fraud and violation of disclosure claims appear to be based on the 2008 and 2009 loan modification agreements, not the 2006 events. Defendant does not maintain that it was not the lender for the later loans. In sum, Plaintiffs' claims are not so vague or uncertain that Defendant is incapable of drafting a response to the pleadings. Accordingly, Defendant's request for a more definite statement is DENIED.

**C.     Request to Strike Paragraph No. 9 of the Complaint**

Defendant moves to strike paragraph no. 9 of the complaint pursuant to Fed. R. Civ. P. 12(f). Paragraph no. 9 states that Mr. Lystad was in the World Trade Center on September 11, 2001, and that Plaintiffs used the money that Mr. Lystad received from his injuries arising from that event as the down payment for the purchase of the real property at issue in this complaint.

Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant contends that Mr. Lystad's

allegations concerning the events of September 11, 2001, are immaterial and impertinent to the action, have no bearing on Plaintiffs' claims, and are alleged merely to invoke sympathy.

A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F.Supp.2d 985, 990 (C.D.Cal. 2008) (citations omitted).

Here, Plaintiffs allege duress and emotional distress as their sixth and seventh causes of action, further alleging that Mr. Lystad suffered a heart attack based upon the emotional distress caused by Defendant's actions. (Doc. 1, pp. 35-36, ¶¶ 143-55.) As such, Mr. Lystad's emotional condition is relevant to Plaintiffs' claims, including any emotional condition arising from Defendant's alleged actions that led to the loss of down payment funds that Mr. Lystad's received due to injuries sustained on September 11, 2001. Under Fed. R. Evid. 403, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." However, "exclusion operates only if a genuine risk exists of inflaming the jury to irrational behavior." *U.S. v. Nguyen*, 997 F. Supp. 1281, 1294 (C.D. Cal. 1998). Defendant fails to show such prejudice from these allegations.

Accordingly, Defendant's motion to strike paragraph no. 9 of the complaint is DENIED.

### IV.  CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' third cause of action for violation of the Truth and Lending Act and Implementary Regulation Z and ninth cause of action for violation of the Fair Credit

<table>
<tr><td></td><td></td><td>Reporting Act are DISMISSED WITHOUT PREJUDICE with leave to file an amended complaint;</td></tr>
<tr><td></td><td>2.</td><td>Defendant's motion for a more definite statement as to Plaintiffs' remaining claims is DENIED;</td></tr>
<tr><td></td><td>3.</td><td>Defendant's motion to strike paragraph no. 9 of the complaint is DENIED; and</td></tr>
<tr><td></td><td>4.</td><td>Plaintiffs shall have fifteen (15) days from the date of this order to file an amended complaint.  If Plaintiffs fail to file an amended complaint, the parties shall have five (5) days from the date that the amended complaint is due to inform the Court as to why this case should not be dismissed with prejudice for lack of federal jurisdiction.</td></tr>
</table>

IT IS SO ORDERED.

**Dated:   July 6, 2011**                                  /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE