# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LYSTAD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 11-cv-00655-SKO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(Docket No. 19)<br><br>**ORDER MOOTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Docket No. 17) |

## I.  INTRODUCTION

On July 25, 2011, Defendant Suntrust Mortgage, Inc. ("Defendant") filed a motion to dismiss and strike portions of Plaintiffs John Lystad and Karen Lystad's (collectively, "Plaintiffs") first amended complaint, and sought a more definite statement concerning Plaintiffs' claims. (Doc. 17.) On August 17, 2011, Plaintiffs filed a response to Defendant's motion to dismiss and a motion for leave to file a second amended complaint. (Docs. 18, 19.) Plaintiffs state that they have obtained written consent from Defendants allowing for amendment of the complaint, and request that the Court grant them leave to file a second amended complaint. (Doc. 19, 1:19-2:9.)

For the reasons set forth below, the parties' stipulated request that Plaintiffs be permitted to file a second amended complaint is GRANTED. Defendant's motion to dismiss is thus MOOT. Accordingly, the Court VACATES the hearing scheduled for August 31, 2011.

## II. PROCEDURAL BACKGROUND

On January 7, 2011, Plaintiffs filed for Chapter 13 bankruptcy in bankruptcy case no. 11-10201-B-13, and Defendant filed its creditor claim for $538,220.09 with an arrearage of $49,540.41. (Doc. 1. 4:2-9; Doc. 5, 2:20-21.) On March 23, 2011, Plaintiffs filed a complaint against Defendant in the bankruptcy proceeding, objecting to the amount sought by Defendant. On April 27, 2011, Defendant filed a motion to withdraw the bankruptcy reference so as to transfer the federal and California claims to this Court, asserting that those claims are "non-core" bankruptcy claims and that bankruptcy withdrawal would promote efficiency (Doc. 1.) On May 16, 2011, District Judge Lawrence J. O'Neill issued an order granting Defendant's motion to withdraw the bankruptcy reference and exercised the Court's jurisdiction over Plaintiffs' federal and California causes of action. (Doc. 5.)

On June 2, 2011, Defendant filed a motion to dismiss, which the Court granted in part and denied in part on July 6, 2011. (Docs. 8, 15.) On July 11, 2011, Plaintiffs filed a first amended complaint, alleging causes of action for (1) objection to claim and request for determination of claim under 11 U.S.C. § 502 (Plaintiffs indicated that this claim remains with the bankruptcy court); (2) breach of contract; (3) violation of Truth in Lending Act and Implementary Regulation Z (Plaintiffs indicated that this claim was withdrawn); (4) violation of California Predatory Lending Act; (5) fraud, fraudulent concealment and negligent misrepresentation; (6) duress; (7) emotional distress; (8) violation of California Business & Professions Code § 17200; and (9) violation of Fair Credit Reporting Act (Plaintiffs indicated that this claim was withdrawn). (Doc. 16.)

On July 25, 2011, Defendant filed this instant motion to dismiss, seeking dismissal of Plaintiffs' fourth cause of action for violation of California Predatory Lending Act and eighth cause of action for violation of California Business and Professions Code § 17200, as well as seeking a more definite statement as to the other claims. (Doc. 17.) On August 17, 2011, Plaintiffs filed a response to Defendant's motion to dismiss and a motion for leave to file a second amended complaint. (Docs. 18, 19.)

### III. DISCUSSION

Plaintiffs seek leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides in pertinent part that a party may amend its pleadings "with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires."

Here, Defendant's counsel provided written consent on behalf of his client to allow Plaintiff leave to file a second amended complaint. (Doc. 19, 2:16-24.) Plaintiffs indicate that "the parties believe it would be in the best interest of judicial economy" to allow for an amended complaint "rather than have the Court decide the current issues." (Doc. 18, 1:21-24.) Plaintiffs further state that "[i]t is in the best interest of all parties involved to allow this amendment." (Doc. 19, 2:2-3.)

Based on the agreement of the parties, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint. Plaintiffs' second amended complaint shall be filed on or before August 31, 2011, the date requested by Plaintiffs. Defendant's motion to dismiss is thus MOOT.

### IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a second amended complaint is GRANTED;
2. Defendant's motion to dismiss is MOOT; and
3. Plaintiffs shall file a second amended complaint on or before August 31, 2011.

IT IS SO ORDERED.

Dated: **August 21, 2011**             /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE