# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LYSTAD, et al., | CASE NO. 11-cv-00655-SKO |
| Plaintiffs, | **ORDER DENYING PARTIES' STIPULATED REQUEST TO VACATE PRETRIAL CONFERENCE AND TRIAL** |
| v. | |
| SUNTRUST MORTGAGE, INC., | |
| Defendant. | |

## I.   INTRODUCTION AND BACKGROUND

On October 21, 2011, the Court issued a scheduling order setting a Pretrial Conference in this matter for August 1, 2012. (Doc. 33.) The parties failed to file a Pretrial Conference statement as required by the U.S. District Court, Eastern District of California Local Rule 281. On July 27, 2012, the Court issued an order directing the parties, on or before August 1, 2012, to **either** file a Joint Pretrial Statement in compliance with Local Rule 281(a)(2) **or** show cause why sanctions should not be issued for failure to file the Joint Pretrial Statement. (Doc. 35.) The Court also continued the Pretrial Conference to August 8, 2012.

On August 1, 2012, the parties filed a declaration from each of their respective counsel indicating that discovery had "stalled," and the case was "fraught with many more delays than originally anticipated." (Doc. 36, Klepac Decl., ¶¶ 5, 12.) The parties agreed that the case was not

ready for trial because only "limited discovery had been completed." (Doc. 38, Davies Decl., ¶ 4.) The parties filed a stipulated request seeking referral to the Court's Voluntary Dispute Resolution Program ("VDRP") so that the matter could be mediated by an appointed neutral. The parties agreed that the VDRP process would be completed prior to December 15, 2012, requested that the Pretrial Conference be stayed until the VDRP session was concluded, and that the September 11, 2012, trial date be vacated.

## II.   DISCUSSION

Pursuant to F.R.Civ.P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to set dates for pretrial conferences and for trial." "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters

2

which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

Here, the parties seek to vacate the pretrial conference and trial dates because they failed to complete discovery, and only apprised the Court of the need for a schedule modification in response to the Court's order to show cause why the pretrial conference was not timely filed. That is not diligence. The parties agreed to the scheduling deadlines in this case and have been aware of the discovery and motion deadlines, the pretrial conference date, and the trial date since the schedule was set on October 21, 2011. (Doc. 33.) For months, the parties have known of looming deadlines and at the eleventh hour seek to vacate all the dates in the case to pursue mediation which could have been conducted or requested months ago. In any event, the parties have not established that they have been diligent in complying with the scheduling order and fail to provide the Court any good cause why discovery was not timely completed and the remainder of the deadlines were ignored. The parties' stipulated request to vacate the pretrial and trial dates is DENIED.

However, because the parties have indicated a willingness to pursue settlement, the Court will afford them an opportunity to conduct a settlement conference with U.S. Magistrate Judge Dennis L. Beck on August 22, 2012, at 10:30 a.m. In advance of the Settlement Conference, the parties are required to submit a confidential settlement conference statement to Judge Beck at [DLBorders@caed.uscourts.gov.](mailto:DLBorders@caed.uscourts.gov) The parties are directed to review the scheduling order issued on October 21, 2011 (Doc. 33), that sets forth the required contents of the confidential settlement conference statements, when the statement shall be submitted, and whose presence is required at the settlement conference.

If the parties do not resolve their dispute at the settlement conference, a Joint Pretrial Statement conforming to the requirements of Local Rule 281 **shall be due no later than 4 p.m. on**

**Friday, August 24, 2012.** The Pretrial Conference will be held on **August 28, 2012, at 11 a.m. in Courtroom 7.** The trial shall remain set for September 11, 2012, at 8:30 a.m. in Courtroom 7 before the Honorable Sheila K. Oberto.

### III.   CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The parties' stipulated request to vacate the Pretrial Conference and the Trial Date is DENIED;

2. A Settlement Conference is set for August 22, 2012, at 10:30 a.m. before U.S. Magistrate Judge Dennis L. Beck in Courtroom 9;

3. A Joint Pretrial Statement conforming to the requirements of Local Rule 281 shall be filed no later than August 24, 2012, at 4 p.m.;

4. The Pretrial Conference is RESET to August 28, 2012, at 11 a.m. in Courtroom 7; and

5. The Trial REMAINS SET for September 11, 2012, at 8:30 a.m. in Courtroom 7.

IT IS SO ORDERED.

**Dated:   August 6, 2012**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE